NOT DESIGNATED FOR PUBLICATION

No. 128,776

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID SINNETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; RODGER L. WOODS, judge. Submitted without oral argument. Opinion filed May 22, 2026. Affirmed.

*Emily Brandt*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before CLINE, P.J., BOLTON FLEMING, J., and JEFFREY GETTLER, District Judge, assigned.

CLINE, J.: David Sinnett appeals the revocation of his probation and reinstatement of his underlying 21-month prison sentence. While he admits he was unsuccessful on probation, despite several intermediate sanctions, he claims the district court acted unreasonably by not giving him another chance on probation or modifying his prison sentence. After reviewing the record, we do not find the district court abused its discretion and therefore affirm its decision.

1

Sinnett pled guilty to aggravated battery and was sentenced to 21 months in prison. But the district court suspended this sentence and placed Sinnett on probation for 18 months. After sentencing, Sinnett entered the Veterans Treatment Court program.

Unfortunately, Sinnett struggled to comply with the terms of his probation and the Veterans Treatment Court program. His intensive supervision officer (ISO) filed his first probation violation warrant within the first few weeks and several more were issued in the following months. All in all, Sinnett's ISO filed six probation warrants for a variety of violations involving drug use, failing to report to court and to his ISO, failing to submit to required drug testing, and the commission of at least one new crime. Sinnett admitted to most of these violations and he received intermediate sanctions several times, including a 48-hour quick dip in jail, a 90-day inpatient program at a VA domiciliary, 60 days in jail, a 5-day jail sanction, and another stay in custody until he could be released to the VA for treatment.

At the probation revocation hearing after Sinnett's sixth probation violation warrant, the State summarized Sinnett's experience on probation:

"Prior to today's [probation violation hearing], Mr. Sinnett has 35 misses, which means he has not been showing up for the things that he has been required to do. He has had numerous positive tests for meth and marijuana. He has at least 12 violations for failure to complete a sanction or a treatment adjustment that the Court has ordered in order to try to get Mr. Sinnett to be successful in this program.

"We've had four failure to appears, wherein if we were in regular probation and not a specialty court, would have resulted in—or could have resulted in warrants.

"And we've had periods—we've had a minimum of four periods where the ISO and other staffing team members have not been aware of [Sinnett's] whereabouts. Some small, this last one much larger, from March 22nd to March 30th, from May 3rd to

May 8th, from September 6th to October 7th, and then this last from November 6th until December 30th.

"Although listed as absconds in the client status report by the ISO, that was not an allegation in the warrant. However, Mr. Sinnett was not showing up and doing what he was supposed to be doing on probation, at least during those times, as well as the other that the State has put on the record.

"We have had an attempt for Mr. Sinnett to get inpatient treatment at the Domiciliary early in this case. He was kicked out. We've had attempts at jail sanctions. We tried work release, but he's not eligible. We've tried GPS. We've tried jail stays, jail sanctions, increased reporting.

"There have been numerous times throughout his participation in Veterans Court where we tried to keep him on track by having him report to [his ISO] on a daily basis. So increased reporting, which is part of best practices in specialty courts to try to gain compliance for what needed to be done.

"Two separate times, Your Honor, we've tried to minimally maintain [Sinnett] so he can get into impatient [*sic*] treatment, both of those being unsuccessful. We've had treatment adjustments of sober events, reporting for UAs by noon, a lot of—we've had sober events that have been identified within walking distance of his residence.

"We've tried to get him to maintain long enough to go to be able to get evaluated by the VA so he can get treatment, and that falls through by his noncompliance.

"Your Honor, we have staffed this case numerous times. The parties have spent significant amounts of time trying to figure out what we can do differently. We've thought out of the box. We've tried interventions that would attempt to get Mr. Sinnett to comply."

"The last time we did this VA treatment plan so he could get to an inpatient bed, and that was just him doing one treatment thing a day. And he[] . . . hasn't completed inpatient, so that was unsuccessful."

Sinnett responded that his failures to participate were largely attributable to his living situation, which caused him concern for his safety, as well as difficulties leaving his apartment due to "disreputable" characters. He asked the court to order another 60-day jail sanction and allow him one more opportunity to get into an inpatient treatment

program or, if it revoked his probation, to cut his prison sentence in half. The State requested revocation and argued Sinnett provided no basis to modify his sentence.

The district court ultimately decided that probation did not have enough structure to adequately support Sinnett. It noted that both probation and the Veterans Treatment Court program require the participant to be present and engaged to succeed, which Sinnett was not. And it did not find Sinnett's unsubstantial efforts to participate in either probation or the Veterans Treatment Court program warranted modification of his prison sentence. Thus, the court revoked Sinnett's probation and imposed the underlying 21-month prison sentence.

## REVIEW OF SINNETT'S APPELLATE CHALLENGE

"Once a probation violation has been established, the district court's decision to revoke the offender's probation and impose the original sentence is discretionary unless otherwise limited by statute." *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). "This court reviews the propriety of the sanction for a probation violation imposed by the district court for an abuse of discretion." 315 Kan. at 328.

A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would take the view adopted by the district court; (2) it is based on an error of law, i.e., if the discretion is guided by an erroneous legal conclusion; or (3) it is based on an error of fact, i.e., substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023) (citing *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 [2021]). The party asserting an abuse of discretion bears the burden of demonstrating that such abuse occurred. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

On appeal, Sinnett contends the district court should have continued his probation, or, in the alternative, modified his sentence. Sinnett is not disputing that the State presented sufficient evidence that he violated the terms of his probation, but, he alleges that the district court's decision to revoke his probation was not reasonable.

We are empathetic to Sinnett's situation. While he exhibits good intentions about overcoming his drug addiction, based on this record, those intentions have not yielded lasting change. Sinnett was given several chances on probation, including the additional support and services provided in the Veterans Treatment Court program. We cannot say the district court's decision to revoke Sinnett's probation after he admitted to more than 50 violations within six months was unreasonable. Further, as that court noted, Sinnett's sentence was in the presumptive range.

We therefore find the district court's decision to revoke Sinnett's probation and impose his 21-month prison sentence was not an abuse of discretion.

Affirmed.